UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | |
| LUCAS SHASHEK, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Lucas Shashek, by and through counsel, and files this Notice of Removal pursuant to 28 U.S.C. §1441, et seq. to remove this case from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois. As grounds for removal, and for no other purposes, Defendant states as follows:

1. Defendant desires to exercise its rights under the provisions of Title 28 U.S.C. §1441, et seq., to remove this case from the Circuit Court of Madison County, Illinois, where this case is now pending in the name and style of Lightspeed Media Corporation v. Lucas Shashek, Case No. 12-L-927. Section 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending."

2. This action was removable pursuant to 28 U.S.C. § 1331 and § 1441 as of **July 7, 2012**, when Plaintiff served its Complaint on Defendant.

3. This notice is filed within 30 days after the removing party's receipt of the Complaint on July 7, 2012, and within one year of the date the Plaintiff commenced this action by filing the original Complaint on July 2, 2012. (See attached copy of Complaint, marked Exhibit "A"). Accordingly, this Notice is timely filed under 28 U.S.C. § 1446(b)(3).

4. The nature of this action is reflected in Plaintiff's Complaint (Exhibit A). Plaintiff seeks to recover against Defendant based upon acts allegedly committed by an unidentified person making use of the Internet connection in Defendant's home on or around September 25, 2011. Plaintiff alleges that the actor gained unauthorized access to files on a website owned and operated by Plaintiff by using a "hacked" username and password combination. The actor is then alleged to have distributed the files to other users who were not authorized to access those files. Plaintiff seeks recovery from Defendant based on the allegation that Defendant personally committed the acts described above. Alternatively, Plaintiff alleges that an unknown third party making use of the Internet connection in Defendant's home committed the acts described above. Plaintiff argues that Defendant should be held liable for the alleged acts of this unknown third party on two alternative theories. First, Plaintiff alleges that Defendant failed to prevent the third party from making unauthorized use of Defendant's Internet connection. Second, Plaintiff alleges that Defendant allowed the third party to use Defendant's Internet connection, but either knew or should have known of the third party's actions and failed to monitor the third party's usage of Defendant's Internet connection for signs of illegal activity.

5. The allegations described above are stated in Plaintiff's Complaint in five counts. The first count is based on the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and the remaining four are based on the state law claims of conversion, unjust enrichment, breach of contract and negligence. Each of the first three state law claims simply restates the substance of

the CFAA claim inasmuch as they all allege that Defendant gained unauthorized access to Plaintiff's files and distributed them to other unauthorized users. The fifth and final count, based on a negligence claim, advances Plaintiff's alternative theory that Defendant was negligent in allowing or failing to prevent the use of Defendant's Internet connection for unlawful purposes by an unknown third party, but is otherwise substantially identical to the first four counts.

6. Plaintiff's CFAA claim is a claim "arising under the Constitution, laws or treaties of the United States," and this Court accordingly has federal question jurisdiction over the CFAA claim. 28 U.S.C. § 1331. Plaintiff's other four claims are state law claims that are "so related to [the CFAA claim] that they form part of the same case or controversy under Article III of the United States Constitution," and this Court accordingly has supplemental jurisdiction over the four state law claims. 28 U.S.C. § 1367(a). Additionally, there is no basis for this Court to decline to exercise supplemental jurisdiction over the state law claims, as they do not raise any novel or complex issues of state law, they do not substantially predominate over the CFAA claim, and there are no exceptional circumstances creating compelling reasons for declining jurisdiction. § 1367(c). Thus, all five of Plaintiff's claims are within this Court's jurisdiction, and § 1441(a) warrants removal of this action.

7. In addition, § 1441(c) provides for removal of an action that includes state law claims if the action would be removable absent the state law claims. If the four state law claims were absent, the Complaint would contain only one claim that is within this Court's federal question jurisdiction. Therefore, even if the Plaintiff's state law claims were not within this Court's supplemental jurisdiction, removal of this action would still be warranted under § 1441(c).

8. Venue is proper in the United States District Court for the Southern District of Missouri as this cause of action accrued in Madison County, Illinois.

9. Defendant attaches to this notice a copy of the pleadings and process served upon it in the cause, *to wit*, the Complaint filed on July 2, 2012 and served on Defendant on July 7, 2012, along with the Summons issued on July 2, 2012 and served on Defendant with the Complaint on July 7, 2012, marked as Exhibit "A".

10. For the reasons stated above, pursuant to the provisions of 28 U.S.C. §1441, *et seq.*, the right exists to remove this case from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois, which embraces the place where this action is pending.

11. Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

12. A copy of this notice will be filed with the clerk of Madison County, Illinois, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that this action proceed in this Court as an action properly removed and for such other and further relief as necessary under the circumstances.

DANNA MCKITRICK, P.C.

BY: /s/ Laura Gerdes Long
Michael J. McKitrick, #1853752
Laura Gerdes Long, #6211998
7701 Forsyth Blvd., Suite 800
St. Louis, MO 63105-3907
(314) 726-1000/(314) 725-6592 fax
E-Mail: llong@dmfirm.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true copy of the foregoing was mailed, U. S. Mail, first class postage prepaid, this 31st day of July, 2012, to:

Paul Duffy, Esq.
Prenda Law Inc.
161 N. Clark Street, Suite 3200
Chicago, IL  60601

Doc: 554932