UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

Case No. 3:12–CV–00860-WDS-DGW

LIGHTSPEED MEDIA CORPORATION,

    Plaintiff,

v.

LUCAS SHASHEK,

    Defendant.

Judge: Honorable William D. Stiehl

Magistrate Judge: Honorable Donald G. Wilkerson

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant LUCAS SHASEK has filed a Motion to Dismiss ("Motion") each count in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1. The Motion fails to justify dismissal on any count in the Complaint, and the Court should therefore deny the Motion and direct Defendant to promptly answer the Complaint.

**ARGUMENT**

Pursuant to Rule 12(b), a plaintiff is required to plead only a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" under Rule 8(a)(2). *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although detailed factual allegations are not necessary, it is the plaintiff's obligation to establish the "grounds" of his "entitlement to relief" when he faces a Rule 12(b)(6) motion to dismiss, *id.* at 1964-65 (quoting *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; s*ee*

1

*Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Factual allegations made by the plaintiff in its complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (citing 5 Charles Wright & Arthur Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").  As such, "[i]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 1969 (quoting *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir. 1989).  Furthermore, pleadings are construed "on the assumption that all the allegations in the complaint are true", *id.*; *see e.g., Swierkiewicz v. Soreman N.A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and a "well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'"). *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

As set forth below, Plaintiff has properly alleged each and every claim in its Complaint, and the Court should deny the Motion and direct Defendant to file his answer forthwith.

**I.     THE COURT SHOULD STRIKE THE MOTION FOR FAILURE TO SERVE PLAINTIFF'S COUNSEL.**

As an initial matter, Plaintiff is, unfortunately, compelled to point out to the Court that Defendant has not served Plaintiff's counsel with any paper in this matter, either in the Circuit Court of Madison County, Illinois, or in this Court.  As such, the Court should strike all papers that the Defendant has filed in this Court in connection with this matter.

Plaintiff commenced this litigation by filing its Complaint in the Circuit Court of Madison County, Illinois on or about July 2, 2012.  Defendant asserts that he was served with the Complaint on or about July 7, 2012 (ECF No. 2 at ¶9) and it filed its "Notice of Removal" on

or about July 31, 2012.  ECF No. 2.  However, Defendant never served Plaintiff with the Notice of Removal.  Defendant claims, in the "Certificate of Serve ice," that the Notice was sent by U.S. Mail to undersigned counsel by U.S. Mail on July 31, 2012.  Undersigned counsel did not ever receive the Notice by U.S. Mail, or by any other means, from Defendant.

Furthermore, Defendant asserts in the "Certificate of Service" for his appearance that it was served upon undersigned counsel solely "by operation of the Court's electronic filing system" upon the undersigned counsel.  That statement is false; as Defendant knew, Plaintiff had not filed an appearance in this Court.  Indeed, Plaintiff *could not* have filed an appearance in this Court because Defendant had never served notice of removal.  Defendant's statements that its Motion to Dismiss, and its Supporting Memorandum, were served "by operation of the Court's electronic filing system" were also false because, as Defendant either knew or through a cursory review of the Court's docket should have determined, Plaintiff had not filed an appearance in this case, due to the fact that Defendant had removed the case to this Court without ever informing the Plaintiff that it did so.

Defendant's statements that he served Plaintiff with any paper in this Federal Court proceeding, whether by U.S. Mail or electronic filing, are false.  Defendant has the duty to serve, and Plaintiff the right to be served with, papers filed in this Court.   Defendant has flagrantly violated those rules, and the Court should reassign this case back to the Circuit Court of Madison County, Illinois as a consequence of Defendant's failure to properly remove it to this Court.

**II.    DEFENDANT'S NON-LEGAL ARGUMENTS ARE INCORRECT, INVALID AND ARE IMPERMISSIBLE IN A RULE 12(B)(6) MOTION.**

In tacit acknowledgment of the legal shortcomings of its legal arguments, Defendant has opened its Supporting Memorandum with attempts to argue factual matters that are for the trier

3

of fact to decide, and through *ad hominem* on Plaintiff's counsel in this action. Neither is a valid basis to obtain dismissal under Rule 12(b)(6), and the Court should disregard those arguments.

### A. "Technical Background" [sic] Is Improper, Incorrect And Based On Inadmissible Factual Allegations.

Compounding its flagrant violations of fundamental procedural rules, Defendant has also impermissibly attempted to assert, and then argue, factual allegations for which it offers no evidentiary support, which are not true, and which are impermissible under Rule 12(b)(6). The Court should therefore strike Section 1.B. of Defendant's Supporting Memorandum, styled "Technical Background," for violating Rule 12(b)(6) and for being unsupported by any admissible evidence.

The law in this Circuit is clear that "a Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010), *citing* Fed. R. Civ. P. 10(c), Fed. R. Civ. P. 12(d), and *Segal v. Geisha NYC, LLC,* 517 F.3d 501, 504-05 (7th Cir. 2008). If a movant seeks to present matters *outside* the pleadings, and the Court does not exclude such matters, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). But, if a defendant seeks to take that course, all "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id. See also Doss v. Clearwater Title Co.,* 551 F.3d 634, 639-40 (7th Cir. 2008). The law in this circuit is that "[a]dequate notice is provided when the moving party frames its motion in the alternative as one for summary judgment," *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Local 150,* 433 F.3d 1024, 1029 (7th Cir. 2006). Defendant did not frame its motion as one for summary judgment. He only seeks dismissal under Rule 12(b)(6). It is therefore impermissible to treat the Motion as one for summary judgment.

Furthermore, even if it were permissible to treat the Motion as one for summary judgment, it would fail because Defendant has peppered it with factual allegations for which there is no evidentiary support. Specifically, Defendant, at pages 3 through 5 of its Supporting Memorandum, submits what he purports to be a "Technical Background" regarding Internet Protocol addresses. Defendant has submitted no valid foundational or evidentiary basis for the statements in that section. Instead, Defendant bases his entire "Technical Background" section on statements he attributes to Wikipedia (Supp. Mem. at 4, n.3, 4,5), a web site that, by its own admission, "is not considered a credible source" and citation to which is "considered unacceptable, because Wikipedia is not considered a credible or authoritative source." (*See* http://en.wikipedia.org/wiki/Wikipedia:Academic_use). Defendant also cites to an article attributed to the MSNBC website (*id.* at n. 6) without any foundational support for the truth of statements contained in it.

Defendant's attempts to make argument relating to the "reliability" and "credibility" of allegations in Plaintiff's complaint (Supp. Mem. at 5) are improper, impermissible and not relevant to a Rule 12(b)(6) Motion. The factual allegations are also incorrect and lack any valid foundational or evidentiary basis, and are useless for any purpose. The Court should therefore strike, or in the alternative ignore, Section 1.B. of Defendant's Supporting Memorandum, and his Motion to the extent that it is based upon the impermissible, inadmissible and legally meaningless statements in that section.

### B. *Ad Hominem* Attacks Are Baseless And Irrelevant.

Defendant also seeks to obtain dismissal through attempts to attack Plaintiff's counsel personally. Defendant's tactic is highly unprofessional and premised upon incorrect information.

Defendant accuses Plaintiff's counsel of employing an "established business model … to use mass litigation to extract settlements from individuals regardless of the merit of the claim" and then calls Plaintiff to task for having filed suits to address other instances of hacking into its websites. Supp. Mem. at 2. Defendant's invective both misplaced and probative of nothing. Initially, counsel for Defendant is not a trier of fact, in this or any other case. Defendant's suggestion that other cases pending in other jurisdictions in which he has no involvement lack merit is unfounded utterly irrelevant to whether the Plaintiff in *this* case has asserted valid claims against *this* Defendant. Furthermore, Defendant's observation that Plaintiff has filed other lawsuits based upon hacking, inaccurate as it is, is probative of nothing other than the fact that hackers such as the Defendant have engaged in widespread and continuous hacking of Plaintiff's website throughout the Nation.

### III. EACH COUNT IN PLAINTIFF'S COMPLAINT ALLEGES A VALID CAUSE OF ACTION.

While Defendant turns eventually (on page 7 of its 18-page Supporting Memorandum) turn to attempts at legal argument in its Motion, the attempts fail because Plaintiff's allegations are sufficient to state a cause of action in each count of the Complaint.

#### A. Count I Properly Alleges A Valid Claim Under The Computer Fraud and Abuse Act.

Defendant posits that Count I of Plaintiff's Complaint, alleging a claim under the Federal Computer Fraud and Abuse Act, fails because Plaintiff has not properly plead losses due to Defendant's conduct. In reality, Plaintiff's damage claim clearly meets the requirements of the Act, and Count I is therefore properly pled.

In Count I, Plaintiff alleges that Defendant violated Section 1030(g) of the Federal Computer Fraud and Abuse Act ("Act," 18 U.S.C. § 103) by, among other things, using a hacked

username/password to gain access to Plaintiff's site, and purposefully disseminating content to unauthorized individuals. The Act, among other things, provides a right of actions in such circumstances. Section 1030(g) states:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware. l8 U.S.C. 1030(g).

Defendant's argument that Plaintiff must plead that it suffered "both damage *and* loss in order to properly allege" an Act violation and "overcome a motion to dismiss" (Supp. Mem. at 7) misstates both the Act and applicable case law. While Defendants cite an opinion from U.S. District Court for the Northern District of Illinois that appears to require alleging both loss and damages (*Garelli Wong & Associates, Inc. v. Nichols*, 551 F.Supp.2d 704, 708 (N.D. Ill. 2008)), he neglects to point out that Congress amended the Act on September 26, 2008, several months after *Wong* was decided, reorganizing the confusion caused by structure of the requirements and civil jurisdictional requirements. In amending the Act, Congress clarified, in the revised Section 1030(g), that "damage" is a required element only of a claim under Subsection (a)(5); and that any precedent to the contrary, including *Wong,* was based upon a misinterpretation, possibly due to the somewhat confusing organization of statute previously.

Since the Act was amended in 2008, Courts have held that either loss *or* damage must be alleged in order to state a claim under the Act. The express terms of the Act require a plaintiff to plead either one or the other, and provides a private right of action for a person "who suffers damage *or* loss by reason of a[n] [Act] violation. 18 U.S.C. § 1030(g)(emphasis added). Courts

within the Seventh Circuit have interpreted the provision to give effect to its plain language: "Thus, to recoup compensatory damages, a plaintiff must show *either* damage or loss." *Farmers Ins. Exchange v. Auto Club Group,* 823 F.Supp.2d 847 (N.D. Ill. 2011) (citation omitted); quoting *US Gypsum Co. v. Lafarge N. Am. Inc.,* 670 F.Supp.2d 737, 743 (N.D.Ill.2009). "Thus, to recoup compensatory damages, a plaintiff must show *either* damage or loss." *Farmers Ins. Exchange v. Auto Club Group,* 823 F.Supp.2d 847 (N.D. Ill. 2011) (citation omitted); quoting *US Gypsum Co. v. Lafarge N. Am. Inc.,* 670 F.Supp.2d 737, 743 (N.D.Ill.2009). "In short, a person suing under section 1030(g) must prove: (1) damage *or* loss …" *Motorola, Inc. v. Lemko Corporation,* 609 F.Supp.2d 760 (N.D.Ill. 2009).

Furthermore, Plaintiff has sufficiently alleged that it has suffered a "loss" as defined in the Act, which defines that term as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and *any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service*." 18 U.S.C. § 1030(e)(11) (emphasis added). Plaintiff alleged that "Defendant has caused loss to Plaintiff in the form of actual damages*,* statutory damages, and reputational injury in excess of $5,000..." Compl. Count I, ¶29. The allegations in Plaintiff's Complaint sufficiently allege that it has suffered a "loss." As Chief Judge Holderman held in *Farmers Insurance Exchange v. Auto Club Group,* "Loss" also pertains to "any revenue, loss incurred, or other consequential damages incurred" by the defendant. *Farmers,* 823 F.Supp.2d at 854,*citing* 18 U.S.C. §1030(e) (11). A plaintiff asserting a claim under the Act can therefore satisfy its obligation to plead damages by "alleging costs reasonably incurred in responding to an alleged [Act] offense, *even if the alleged offense ultimately is found to have caused no damage as defined by the [Act.] Id.* (emphasis

added). In *Farmers,* the Court agreed with another decision in the U.S. District Court for the Northern District of Illinois holding that a plaintiff adequately plead loss under Act Section 1030 by alleging costs of at least $5,000 in terms of responding to the defendant's conduct the plaintiff's damage assessments. *Id.;* citing *Sam's Wine and Liquor, Inc. v. Harting,* No. 08 C 570, 2008 WL 4394962 at *4 (N.D. Ill. Sept. 24, 2008).

Plaintiff has clearly met the pleading requirements for alleging a violation of the Act in Count I, and the Court should therefore deny the Motion.

### B. Federal Copyright Law Does Not Preempt Plaintiff's Claims.

While Defendant is correct that 17 U.S.C. § 301 generally preempts infringement actions that are not brought under the Copyright Act, Plaintiff has not alleged infringement against Defendant. Plaintiff has instead alleged several substantively distinct claims that are not premised upon any copyright issue. Plaintiff does not assert that Defendant infringed on its copyright. To the contrary, Plaintiff's claims that Defendant hacked into its website. The harm caused by Defendant's conduct are *sui generis* harms distinct from infringement.

"To avoid preemption, [a] law must regulate conduct that is quantitatively distinguishable from that of federal copyright law – *i.e.,* conduct other than reproduction, adaption, publication, performance and display." *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005). *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005). A state statute is only preempted by the Copyright Act if (1) the work is within the subject matter of copyright and (2) the matter the rights available under state law are equivalent to any of the exclusive rights provided in Copyrighting Act Section 106. *ProcCD, Inc. v. Zeidenberg,* 86 F.3d 1447, 1453 (7th Cir. 1996).

None of the claims in Plaintiff's Complaint seek damages for the "reproduction, adaptation, publication, performance and display" of copyrighted materials. Instead, Plaintiff seeks damages arising from the fact that Defendant hacked into its website illegally, and took and distributed "private content." Compl. at ¶¶ 13, 27. Plaintiff does not seek to protect, or obtain damages for, copyrighted material. Instead, it seeks to redress Defendant's unlawful

9

breaking and entering into his website, and the theft of private content from it. Among the information hat Plaintiff alleges was subject to theft by Defendant and other hackers private content such as "identifying information" of Plaintiff's subscribers, as well as "exploitable flaws in database codes." *Id.* at ¶ 7. Other private content that Defendant could have obtained access to includes financial records, personal information about Plaintiff's owners, credit card numbers of subscribers and other information that Plaintiff exercised reasonable diligence to safeguard, but that Defendant obtained access to and disseminated to his fellow hacker. None of that information is subject to copyright protection, and thus Federal copyright laws do not preempt Plaintiff's claims relating to Defendant's hacking into, and obtaining private content from, Plaintiff.

### C. Plaintiff Properly Pleads A Claim For Conversion In Count II.

Defendant complains that Plaintiff has not adequately pled a necessary element of a cause of action for conversion, because it did not allege "that Defendant exercised control over the property in a manner inconsistent with the Plaintiff's right of possession." ECF 7 at 11. Defendant argues that there can be no such assertion "where the property is voluntarily transferred to the defendant by the plaintiff, even if the transfer was done by mistake" *Id.* Defendant's argument appears to be  alleges that Plaintiff knew that its passwords were compromised and yet allowed access to its site with compromise.

A plaintiff claiming conversion must plead that (1) he has a right to property; (2) he has an absolute and unconditional right to possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cirrincione v. Johnson,* 184 Ill. 2d 10703 N.E.2d 67, 70 (1998). Defendant argues that because Plaintiff learned that passwords were compromised, it "voluntarily transferred" protected content to the Defendant.

Defendant's argument has no basis in the allegations in the Complaint, and it is also nonsensical. It is equivalent of saying that a burglar using a duplicate key to get into and loot a store was the recipient of goods "voluntarily transferred" to him by the shop owner because he had a duplicate key. There is nothing in the Complaint suggesting that Plaintiff learned of the existence of specific hacked passwords and then, with knowledge of what they were, continued to allow hackers to use them and take private content from the site. To the contrary, Plaintiff made clear in his Complaint that it was only through the use of forensic software that he was able to ascertain the identities of hacked passwords and those who were using them, of necessity *after* they were used. Compl. at ¶¶ 15-18. Nothing in the Complaint even remotely suggests that Plaintiff "voluntarily allowed" hackers to access its website while it stood by allowing them to do so. Indeed, the very fact that Plaintiff required the use of passwords in the first place demonstrates that he took action to prevent unauthorized access to its website demonstrates that he did not "volunteer" to theft from it.

Defendant also argues, almost in passing, that theft of intangible property cannot be conversion unless it is "merged into a tangible document". (ECF 7 at 11-12.) Defendant cites only to a 2006 First Circuit Court of Appeals decision, and no Illinois authority, to support this. Contrary to Defendant's argument however, a cause of action may lie for conversion of intangible property. A plaintiff may maintain an action for conversion if a chattel can be described, identified or segregated, and an obligation to treat it in a specific manner is established. *In re Thebus*, 108 Ill.2d 255, 260 (1985)); Illinois Jurisprudence, Personal Injury and Torts § 10:12. Information such as Plaintiff's subscriber information meets that standard. Furthermore, a claim for conversion is appropriate relating to material such as commercial paper, other valuable papers, or evidence of title to checks, bills, books of account and other documents

11

evidencing title to property. *(Film and Tape Works, Inc. v. Junetwenty Films, Inc.*, 368 Ill.App.3d 462, (1st Dist. 2006)). Plaintiff's claims for the removal of private information, such as subscriber and financial information, for which there is an obligation to treat it in a specific manner, is clearly appropriate for a claim for conversion.

### D. Plaintiff Properly Pleaded A Claim For Unjust Enrichment In Count III.

Defendant's motion to dismiss Count III also fails. While the exact premise of Defendant's argument is unclear, it appears to be that Plaintiff did not allege that Defendant retained a benefit to which it was not entitled (ECF at 12-14) and that Plaintiff is barred from alleging both breach of contract and unjust enrichment, neither of which is a valid argument.

In order to allege a claim, the plaintiff must allege facts suggesting that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *See, e.g., Raintree Homes, Inc. v. Vill. Of Long Grove, 209 Ill.2d 408,* 807 N.E.2d 439, 445 (2004). Unjust enrichment exists as an independent cause of action in Illinois law. *Id.* As a consequence it is not barred from pleading both that and breach of contract in the Complaint. While it is possible that a plaintiff may not recover twice on duplicative causes of action in certain circumstances, that is for the trier of fact to determine, and Plaintiff is entitled to plead claims in the alternative. And Plaintiff clearly included allegations necessary to allege this in its Complaint (*see* Compl. at ¶¶ 38-40), and Defendant's argument that it did not properly plead the elements of unjust enrichment fails.

### E. Plaintiff Has Alleged A Claim For Breach Of Contract.

Defendant attempts factual argument to challenge the adequacy of Plaintiff's claim for breach of contract in Count IV. Because Defendant rests its complaint about this count on argument over factual allegations, it fails by definition.

Plaintiff alleged in Count IV that Defendant entered into a contract with Plaintiff, and then breached it. Plaintiff alleged that "Defendant violated and breached this user agreement by using the material on Plaintiff's protected website for more than just personal use by disseminating the material to other unauthorized individuals. Defendant also violated and breached this user agreement by knowingly violating the community standard where he lives, because Defendant's violations of the law are presumably a violation of the community standards." Compl. at ¶¶ 45-46.

Defendant argues that Count IV does not state a claim upon which relief may be granted, but its argument fails. First, it claims that "Upon information and belief," Plaintiff's "software identifies only the websites accessed, the content being viewed and downloaded, and the date and time of the activity." ECF at 15. Defendant's attempt to contradict Plaintiff's allegations that Defendant disseminated private material, without reference to any admissible evidence, is improper and should not be considered on a Rule 12(b)(6) motion. Its other argument, that Defendant did not disseminate information in violation of community standards, is also invalid and impermissible in its Motion to Dismiss because it is simply argument over Plaintiff's factual allegations. The Court should therefore deny the Motion as it pertains to Count IV.

### F. Plaintiff Has Alleged A Claim For Negligence.

Defendant argues hat Count V does not state a cause of action for negligence because it relates to the actions of third parties, and not the Defendant, and because the harm caused Defendant was not foreseeable. ECF at 17-18. Both arguments fail.

Defendant's claim that Plaintiff must allege that he owes a "special duty" to Plaintiff because there is a claim based upon criminal acts of third parties is contrary to Plaintiff's actual allegations in Count V. Plaintiff alleges that Defendant owed Plaintiff a duty, and that Defendant's criminal conduct breached that duty. Plaintiff does not seek to hold Defendant vicariously liable for the acts of third parties; it seeks to hold Defendant liable for his own conduct. Defendant's second argument, that Defendant's conduct was not a proximate cause of Plaintiff's injury, likewise misstates the allegations in the Complaint. The damages for which Plaintiff seeks to recover from Defendant relates to harm done when Defendant illegally accessed the site, and facilitated others to illegally access it. Plaintiff has properly alleged that Defendant's breach of his duty proximately caused injury to Plaintiff, and the Court should deny the Motion as to Count V.

        Respectfully submitted,

        LIGHTSPEED MEDIA CORPORATION

DATED: September 10, 2012

        By:   /s/ Paul A. Duffy
               Paul Duffy, Esq. (Bar No. 6210496)
               Prenda Law Inc.
               161 N. Clark St. Suite 3200
               Chicago, IL 60601
               Telephone: (312) 880-9160
               Facsimile: (312) 893-5677
               E-mail: paduffy@wefightpiracy.com

        *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on September 10, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                        /s/ Paul Duffy
                                                        PAUL DUFFY