UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

LIGHTSPEED MEDIA CORPORATION, )
                              )
    Plaintiff,                )
                              )
vs.                           ) Case No.  3:12-CV-00860-WDS-DGW
                              )
LUCAS SHASHEK,                )
                              )
    Defendant.                )

## REPLY BRIEF IN FURTHER SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant, Lucas Shashek ("Defendant"), by and through counsel, and for exceptional circumstances pursuant to Local Rule 7.1(c), files his Reply Brief in Further Support of His Motion to Dismiss Plaintiff Lightspeed Media Corporation's ("Plaintiff") Complaint.

## EXCEPTIONAL CIRCUMSTANCES

In Plaintiff's response, it makes bold allegations that Defendant's pleadings should be stricken for failing to serve Plaintiff and claiming that Defendant's several certifications of service are false.  Such serious allegations are exceptional and warrant a response by Defendant.  Moreover, also exceptional is Plaintiff's utter failure to refute Defendant's Motion to Dismiss with any legally compelling arguments or alleged facts in the Complaint, particularly regarding the attempted CFAA claim and preemption by the Copyright Act.  Such exceptional circumstances require a brief response by Defendant.

A.   **Plaintiff Received Notice of the Removal.**

Plaintiff argues that Defendant never served Plaintiff with Defendant's Notice of Removal and that because Plaintiff had not filed an appearance in this Court, Defendant could not, and did not, serve it by operation of the Court's electronic filing system, as stated in each of Defendant's

certificates of service contained on the Notice of Removal, Entry of Appearance, Motion to Dismiss and Brief in Support of Motion to Dismiss, filed in this Court. *See*, Doc #s 2, 3, 6, 7.[1] Plainly, however, as required by the federal rules and local rules of this Court, each of these pleadings was electronically mailed to Plaintiff's attorney. A simple review of the "Notices of Electronic Filing" emailed by this Court to all counsel with each filing illustrates that fact. Moreover, the Notice (Doc #1) emailed to counsel at the time this case was opened instructed counsel that documents <u>must</u> be filed electronically.[2] The Notice goes on to explain that "NOTE: Electronic transmission of a document to the ECF system, together with the transmission of a 'Notice of Electronic Filing' from the court, constitutes filing of the document for all purposes of the federal rules and the local rules of this court and constitutes entry of the document on the docket kept by the clerk."[3]

**B.**     **The Computer Background Information Explains the Technological Hurdle that the Plaintiff Faces in this Case.**

In the recent decision of *In re BitTorrent Adult Film Copyright Infringement* Cases, 2012 WL 1570765 (E.D.N.Y. May 1, 2012), the court found it incorrect to assume that "the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film" because an "IP address provides only the location at which one of

---

[1] Furthermore, "Defendant's Notice of Filing Notice of Removal," filed in the Circuit Court of Madison County on the same day as filing the Notice of Removal in this Court (July 31, 2012), includes the certificate of service of counsel for Defendant certifying that it was mailed to Paul Duffy, Esq. at Prenda Law Inc. in Chicago, Illinois, as required by Illinois Rules of Civil Procedure.

[2] Even if Plaintiff's counsel did not receive the notice of first removal by U.S. Mail, as it complains, based on the Notice of Electronic Filing accompanying Document Number 2, it is obvious that the Notice of Removal was served on Plaintiff's counsel through the ECF system.

[3] Plaintiff's counsel's email address that is contained on its Response to the Motion to Dismiss (Doc #9) is identical to the email address on each of the Notices of Electronic Filing in this case, paduffy@wefightpiracy.com.

any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones." *Id.* at *3. "Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call." *Id.* As the ***BitTorrent*** court concluded, "Most, if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper." *Id.* at *5. The court also noted that the plaintiff's claim that it could allege negligence against the owner of a Wi-Fi router who failed to password-protect the device used by an intruder "flies in the face of common sense." *Id.* *3 at fn. 3.

C. **Plaintiff fails to allege any recoverable damage or loss under the Computer Fraud and Abuse Act ("CFAA").**

First, Plaintiff's Complaint fails for not specifying the CFAA prohibition purportedly violated. See, Compl. ¶28. Second, e*ven if* Plaintiff may show *either* damage or loss under a particular prohibition of the CFAA, Plaintiff has failed to properly allege either. Courts have interpreted the CFAA's definition of "damage" to include the destruction, corruption, or deletion of electronic files, the physical destruction of a hard drive, or any "diminution in the completeness or usability of the data on a computer system." ***Cassetica Software, Inc. v. Computer Sciences Corp.***, No. 09 C 0003, 2009 WL 1703015, at *3 (N.D.Ill. June 18, 2009); ***Farmers Ins. Exch. v. Auto Club Group***, 823 F. Supp. 2d 847, 852 (N.D. Ill. 2011). The mere copying of electronic information from a computer system is not enough to satisfy the CFAA's damage requirement. *See*

3

*Mintel Int'l Group Ltd. V. Neergheen*, 2010 WL 145786, at *9 (N.D. Ill. Jan. 12, 2010) ("copying, e-mailing or printing electronic files from a computer database is not enough to satisfy the damage requirement of the CFAA"); *Farmers Ins. Exch.*, at 852.

As for the CFAA's definition of "loss", "[c]osts not related to computer impairment or computer damages are not compensable under the CFAA." *Farmers Ins. Exch.*, 823 F. Supp. 2d at 855, *quoting*, *SKF USA, Inc.,* 636 F.Supp.2d at 721 (rejecting plaintiff's claim for lost revenues) (other citations omitted). Critically absent from Plaintiff's Complaint are allegations that such unauthorized access affected its ability to offer content to its paying customers or impaired its computer systems. Moreover, even if Plaintiff had alleged loss of business, which it does not, such is a compensable loss under the CFAA "only where ... [it is] a result of the impairment or unavailability of data on the computer." *Id.* at 855, *citing*, **First Mortg. Corp. v. Baser**, 2008 4534124, *3 (N.D.Ill. Apr. 30 2008). Further, if Plaintiff claims costs relating to developing and operating its security software system, these costs were allegedly developed to proactively detect hacking in general, not to respond to, evaluate or make repairs to Plaintiff's website or computers themselves. Compl. ¶¶ 15-18; *see*, *SKF USA, Inc.,* at 721. Finally, in *Farmers*, the court specifically found that damages to reputation do not satisfy the CFAA's definition of loss. *Id.* at 856. The damages alleged in this Complaint involves improper use of content obtained through unauthorized access. However, CFAA does not prohibit misuse or misappropriation" of content. **U.S. v. Nosal**, 676 F.3d 854, 863 (9th Cir. 2012), *quoting* **Orbit One Comm's, Inc. v. Numerex Corp.**, 692 F.Supp.2d 373, 385 (S.D.N.Y. 2010). Thus, Plaintiff has not alleged damages or loss sufficient to support its CFAA claim.

**D.     Similarly, Plaintiff's state law claims are preempted by the Copyright Act.**

The remainder of Plaintiff's state law claims assert the same interests protected under the federal *Copyright Act* (17 U.S.C. §§ 101 et al), and must be dismissed as preempted. Under Section 301, all legal or equitable rights equivalent to exclusive rights specified in works of authorship fixed in a tangible medium are "governed exclusively" by the Copyright Act, and no person is entitled to any such equivalent right under the state law. 17 U.S.C. § 301(a). In that Plaintiff's state law claims are based upon Defendant having "gained unauthorized access" to its websites, "*consumed* Plaintiff's content as though he were a paying member," and "*downloaded*" and "*disseminated* that information to other unauthorized individuals," all are simply claims of infringement on Plaintiff's content and, otherwise, "simply copyright claims in different clothing" and should be dismissed as preempted. Compl. ¶ 13 (emphasis added); ***Personal Keepsakes, Inc. v. PersonalizationMall.Com, Inc.***, 2012 WL 414803 *8 (N.D. Ill. Feb. 8, 2012); *see also*, ***Cassetica***, at *5, holding that state claims based entirely upon unauthorized downloads, including unjust enrichment, arise exclusively from conduct governed by the Copyright Act and are preempted.[4]

## CONCLUSION

For all the reasons stated herein and in Defendant's Motion to Dismiss and Brief in Support, Defendant Lucas Shashek prays that this Court dismiss Plaintiff's Complaint with prejudice at its costs, and for such other and further relief as the Court deems just and proper under the circumstances.

---

[4] Plaintiff's attempt to bolster this argument by claiming that there is "other private content that Defendant could have obtained access to..." is not alleged in its Complaint and should be ignored. See, Resp. p. 10.

                                        DANNA MCKITRICK, P.C.

BY:   /s/ Laura Gerdes Long
         Michael J. McKitrick, #1853732
         David R. Bohm, MBE #35166
         Laura Gerdes Long, # 6211998
         7701 Forsyth Blvd., Suite 800
         St. Louis, MO  63105-3907
         (314) 726-1000/(314) 725-6592 fax
         E-Mail:  llong@dmfirm.com
         ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

     The undersigned does hereby certify that I caused true and correct copies of the foregoing document to be served upon the parties receiving notice through the Court's ECF system by filing with the Court's ECF system at the date and time filed.

                                         /s/ Laura Gerdes Long

Doc: 576608